```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

-------------------------------x
                                :
FRANK PERRELLI,                 :
                                :
     Plaintiff,                 :
                                :
v.                              :    Civil No. 3:04CV01904(AWT)
                                :
RIVER RIDGE APTS. LP.,          :
                                :
     Defendant.                 :
                                :
-------------------------------x

### ORDER OF DISMISSAL

The pro se plaintiff, proceeding in forma pauperis, brings this action against River Ridge Apts. LP. The Complaint (Doc. No. 3) alleges housing discrimination by the defendant in the form of refusal to lease an apartment to the plaintiff, in violation of 42 U.S.C. section 3601, which sets forth the policy declaration for the Fair Housing Act, codified at 42 U.S.C. sections 3601, et seq. Section D. of the Complaint identifies the supporting facts to be "All records from HUD."

On April 12, 2005, the court issued a Notice to Plaintiff (Doc. No. 8), ordering the plaintiff to file within 30 days an amended complaint that identifies the particular statutory provision on which his claim is based; the court informed the plaintiff that his case would be dismissed if he failed to comply. The court's order also required the plaintiff to set forth factual allegations stating when and where the alleged

conduct at issue occurred, and required the plaintiff to attach copies of letters from HUD if he is relying on such letters to support his claim of discrimination.

On or about May 5, 2005, the court received copies of various documents submitted by the plaintiff with a handwritten note stating "In response to judge's request", which the court ordered be docketed as "Plaintiff's Response to the Court's April 12, 2005 Notice to Plaintiff" (Doc. No. 9).  The plaintiff included in this submission a letter from HUD dated December 24, 2003, which states in pertinent part as follows:

> Staff in the Headquarters FHEO [Fair Housing and Equal Opportunity Office] Office of Enforcement in Washington, DC, have completed a review of the case record for your complaint, and determined that the evidence obtained during the investigation did not provide a basis to conclude that the Respondents' refusal to accept your application for housing constituted a violation of the Fair Housing Act.
>
> Information obtained during the investigation of your complaint revealed that the Respondents' decision to deny your rental application was based upon "insufficient income to meet the monthly rental obligation" and "[negative] information contained in a consumer credit report."  The Respondents sent letters to you between November 7, 2001, and December 13, 2001, explaining the basis of their denial, and offered you an opportunity to request an appeal.  After hearing nothing further from you, a final letter was issued on December 14, 2001 rejecting your rental application based upon your "*Credit Standing: Information Contained in a Consumer Credit Report*."
>
> The investigation of your allegations also included an analysis of other rental applicants denied housing by the Respondents during the same time period your application was processed.  The investigation revealed that six (6) other applicants were denied housing for

>      reasons similar to those cited in your case.  All of the
>      Respondents' decisions to deny applications on the basis
>      of negative credit information and/or insufficient income
>      were issued in a timely manner and in accordance with
>      established written policies.

Thus, in response to the court's request for factual allegations that would support his claim, the plaintiff has submitted a letter from HUD that documents that agency's conclusion that the evidence from its investigation does not support the plaintiff's claim that the defendant's refusal to accept his housing application was a violation of the Fair Housing Act. Accordingly, not only has the plaintiff failed to provide any factual allegations that support a claim for violation of the Fair Housing Act, but the documentary evidence he provides supports only the opposite conclusion, namely that the defendant did not discriminate against the plaintiff in violation of the Act.

In response to the court's Notice, which required that the plaintiff specify the statutory provisions on which his claim is based, the plaintiff submitted a copy of what purports to be a HUD form entitled "Housing Discrimination Complaint", completed by the plaintiff but unsigned, and dated January 19, 2005.  (The plaintiff does not submit any form that predates the correspondence from HUD dated November 7, 2001 and December 13, 2001.)  The complaint form alleges that June 30, 2001 was the most recent date of the alleged discriminatory conduct, and

further specifies that the allegations, if proven, may constitute a violation of Section 804(a) or (f) of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Act of 1988.  That section is codified at 42 U.S.C. section 3604(a) and (f).  Section 3604 makes it unlawful

>    (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin. . . .
>    (f)(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap . . . .
>    (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap . . . .

Assuming that these are the provisions pursuant to which the plaintiff brings this action against River Ridge Apts. LP., the plaintiff has failed to set forth any factual allegations that could support a conclusion that there was a violation of these provisions.

Because the complaint fails to state a claim upon which relief can be granted, the court is required to dismiss it pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii) (West 1994 & Supp. 2004) ("[T]he court _shall_ dismiss the case [brought _in forma pauperis_] at any time if the court determines that the action . . . fails to state a claim on which relief may be granted . . . .") (emphasis added).

This case is hereby DISMISSED, with prejudice.

The Clerk shall close this case.

It is so ordered.

Dated at Hartford, Connecticut this 21st day of May 2005.

                                                /s/
                                      Alvin W. Thompson
                              United States District Judge